Leah Kelman, Esq.
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, NJ 07102
973-274-2004
*Attorneys for Plaintiff Bogg Bag, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BOGG BAG, INC.,

                         Case No.

        *Plaintiff*,

          v.             **COMPLAINT**

KENTUCKIANA FASHION LLC and SARAH
KIESLER,               **JURY TRIAL DEMANDED**

        *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Bogg Bag, Inc. (formerly Twenty-Six Designs, LLC) ("Plaintiff" or "Bogg"), by its undersigned attorneys, for its Complaint against defendants Kentuckiana Fashion LLC and Sarah Kiesler ("Defendants" or "Kentuckiana Fashion") alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action for trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and corresponding state law, to halt Defendants' violation of Plaintiff's valuable trademarks and trade dress, which are prominently used in connection with Plaintiff's popular BOGG Bag products.

## THE PARTIES

2.     Plaintiff Bogg Bag, Inc. is a Delaware corporation with its principal place of business at 80 Seaview Drive, Secaucus, NJ 07094, engaged in the business of, among other things,

designing, marketing, and selling tote bags to consumers.

3.      Upon information and belief, defendant Kentuckiana Fashion LLC is an Indiana limited liability company with its principal place of business at 210 Cherokee Drive, Jeffersonville, Indiana 47130.

4.      Upon information and belief, defendant Sarah Kiesler is an individual residing at 633 North Fairbanks Avenue, Clarksville, Indiana 47129.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to principles of supplemental jurisdiction.

6.      This Court has personal jurisdiction over Defendants because, upon information and belief, they offer or have offered the infringing and counterfeit products for sale in New Jersey and have committed tortious acts within New Jersey by advertising and offering for sale products in this jurisdiction using counterfeit and infringing trademarks and trade dress.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

### The Origin of BOGG Bag, Inc. and the BOGG Bag

8.      Kimberlee Vaccarella is the founder and CEO of Bogg and is solely responsible for the design of the BOGG bag.  She started her business in her home in 2008 while working full time as the controller at a commercial real estate lender.  After sketching out the look of the BOGG bag, Ms. Vaccarella visited a local craft store and purchased foam and other materials needed to create a prototype of the BOGG bag.  Next, she researched manufacturing methods and learned that the bags she designed and envisioned could be manufactured through an injection mold

2

process.  With her prototype in hand, she next sought out a manufacturer, paid for the tooling of an injection mold and placed an order with a factory for a sample bag.  The sample arrived while Ms. Vaccarella was at work at her job at the commercial real estate lender.  Her husband called her to come home right away to see "the coolest thing [he had] ever seen."

9.      When she arrived home, she saw on her dining room table her vision realized – the BOGG bag, which has maintained its distinctive look ever since.

10.     Ms. Vaccarella ordered from the factory 300 units of the BOGG bag which she sold through a boutique in her hometown of Ridgewood, New Jersey.

11.     Though the first shipment of BOGG bags received an enthusiastic reception, Ms. Vaccarella faced many challenges scaling up production and distribution.

12.     It was not until 2016 that Bogg turned a small profit that was reinvested into the business and not until 2018 that Ms. Vaccarella drew a salary from Bogg.  And it was not until 2018 that Ms. Vaccarella felt secure enough to leave her accounting job, rely on the public service salary of her husband to support their family of four and commit herself to the BOGG bag full time.

**Bogg's Marks**

13.     Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using the word mark BOGG (the "BOGG Word Mark").

14.     Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using Bogg's stylized "b" mark shown below ("Bogg's Stylized b Mark"):



3

29742\044\7213966.v1

15.    Since 2011, Bogg has used the stylized mark shown below ("Bogg's Stylized bogg Mark") on and in connection with its BOGG Bags:

<strong>bogg</strong>

16.    Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using the BOGG Word Mark, Bogg's Stylized b Mark, Bogg's Stylized Bogg Mark and featuring a now well-known trade dress (the "BOGG Trade Dress") that has come to signify Bogg as the source of these popular and high-quality bags.  An image of one of Bogg's BOGG Bags featuring the BOGG Trade Dress, the BOGG Word Mark, Bogg's Stylized b Mark, and Bogg's Stylized bogg Mark appears below:



17.    The BOGG Trade Dress comprises the overall look, design and appearance of the bags and embraces multiple design elements that collectively have come to identify Bogg as the source of the bags, including the following:

- A rectangular shape formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of holes on the front and back faces of the bag;

4

- Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material and/or color;

- Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag;

- An arbitrary pattern of zig zag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above (the "Parallel Zig Zag Lines Mark").

18.    The BOGG Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create an EVA foam tote bag that do not use the same overall elements, patterns and arbitrary features.

19.    Over the past 15 years, Bogg has sold its popular BOGG Bags internationally and across the United States through over 5,000 stores.  Moreover, Bogg has widely promoted and sold its BOGG Bags through Bogg's website at https://BOGGbag.com.

20.    Bogg's BOGG Bag has become so popular and is so well regarded that it has been featured in magazines including Better Homes and Gardens, Coastal Living, Country Living and more, and on Good Morning America, CNBC and Bloomberg.

21.    As a result of this longtime use and widespread public and media attention and praise, the BOGG Trade Dress serves as a powerful source identifier for Bogg and has acquired significant secondary meaning among the consuming public, which uses the BOGG Trade Dress to identify BOGG Bags and their source in the marketplace.  That is, consumers encountering Bogg's BOGG Bags featuring the BOGG Trade Dress identify that bag with a single source – Bogg.

29742\044\7213966.v1

22.     Bogg has also made extensive use of the BOGG Trade Dress in advertising and promoting its BOGG Bags, with advertising and promotions featuring the BOGG Trade Dress on Bogg's social media accounts, through which Bogg has hundreds of thousands of followers.

23.     Just a few examples of social media posts drawing consumer attention to the appearance of the BOGG Bags and the BOGG Trade Dress appear below:





6



24.     Bogg owns trademark registrations for its marks and trade dress, including but not limited to:

- United States Trademark Registration No. 4300610 (the "Registered BOGG Word Mark") for the BOGG Word Mark and covering "Bags, namely, all purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine; Decorative accessories for bags, namely, non-metal ornaments for bags" in Class 18.

- United States Trademark Registration No. 7377657 (the "Registered Stylized b Mark") for Bogg's Stylized b Mark and covering "Bags, namely, all-purpose carrying bags, tote bags" in Class 18 including as shown below:



7

- United States Trademark Registration Number 7,209,812 (The "Registered Trade Dress") covering "Bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine" in Class 18, which is valid, subsisting, and in full force and effect and which grants Bogg exclusive rights in certain aspects of the BOGG Trade Dress namely:

  (a)     the horizontal line running the circumference of the top hem;

  (b)     the horizontal line running the circumference of the base;

  (c)     the semi-rigid synthetic base with round corners; and

  (d)     the raised pattern of four zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines, as shown below:



25.     United States Registration No. 7,209,811 (the "Registered Parallel Zig-Zag Lines Trademark") for the Parallel Zig Zag Lines Mark covering "bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine; cosmetic bags sold empty; toiletry bags sold empty" in Class 18 including as shown below:

8



26.     Bogg's Trademark Registrations listed above are valid, subsisting, and in full force and effect.

27.     As a result of longtime use and widespread public and media attention and praise, the Registered Trade Dress serves as a powerful source identifier for Bogg and has acquired significant secondary meaning among the consuming public, which uses the Registered Trade Dress to identify BOGG Bags and their source in the marketplace. That is, consumers encountering Bogg's BOGG Bags featuring the Registered Trade Dress identify that bag with a single source – Bogg.

28.     The Registered Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create an EVA foam tote bag that do not use the same combination of elements, patterns and arbitrary features.

9

29742\044\7213966.v1

29.     Since at least 2011, Bogg and its assignors and/or predecessors in interest have expended considerable time, resources, and effort promoting the BOGG Word Mark, Bogg Stylized b Mark, Stylized BOGG Mark, BOGG Trade Dress and Registered Trade Dress.

30.     Since 2011, Bogg's BOGG Bags have been a huge commercial success, with 2021 sales exceeding $20 million, 2022 sales exceeding $47 million, 2023 sales exceeding $54 million, 2024 sales exceeding $100 million, and 2025 sales approaching $200 million.  Every consumer exposed to the BOGG Bags is exposed to the BOGG Trade Dress.

31.     Bogg's BOGG Bags are distributed, sold, marketed, and promoted through a wide variety of trade channels, including retail stores, wholesale, and internet sales nationwide.

32.     In addition to the BOGG Bags, Bogg offers a range of decorative accessories designed specifically to attach to and be used in combination with Bogg's authentic BOGG bags (the "Bogg Decorative Accessories"). The Bogg Decorative Accessories are marketed, sold, and promoted as coordinated components of BOGG Bags and further reinforce the association between Bogg, the BOGG Bags, BOGG Trade Dress and Registered Trade Dress.

33.     The very look of the BOGG bag is so iconic and so source-indicative that the elements of the trade dress, both alone and in combination, have been carried over to Bogg products beyond the BOGG Bags themselves.  This reflects not only the degree to which consumers have embraced the Bogg look, but it also constitutes the type of "look-for" promotion and marketing that enforces the source-indicative value of the BOGG Trade Dress in the minds of consumers.

34.     For example, the Bogg phone holder, as shown below, incorporates (a) the Registered Parallel Zig-Zag Lines Trademark on the bottom and partially up the sides, (b) Bogg's

Stylized bogg Mark in the lower right corner, (c) the rounded corners and top and bottom hemlines that are elements of the Registered Trade Dress, and (d) the specific pattern of holes, which is protected as an element of the BOGG Trade Dress.



35.     Similarly, the Bogg keychain, as shown below, is a near exact replica of the BOGG Bag in miniature.  This illustrates that the look of the BOGG Bag holds value in the minds of consumers well beyond the function of the BOGG Bags.



29742\044\7213966.v1

36.     The BOGG Bag topper, as shown below, incorporates into the recessed portion of the tray (a) Bogg's Stylized bogg Mark in the lower right-hand corner, just like the BOGG Bag, (b) the hole pattern that is nearly identical to that of the BOGG Bag but formatted to fit the space, and (c) the same bottom hemline as the BOGG Bag.



37.     Lastly, the divider, as shown below, incorporates (a) Bogg's Stylized bogg Mark in the lower right-hand corner, just like the BOGG Bag, (b) the hole pattern that is nearly identical to that of the BOGG Bag but formatted to fit the space, and (c) the same top and bottom hemlines as the BOGG Bag.



12

29742\044\7213966.v1

38.     Moreover, the fact that third parties have wrongfully copied the BOGG Trade Dress further proves its source-indicative value and freestanding appeal in the marketplace.  Not only has Bogg successfully enforced its rights against parties who have traded in counterfeit BOGG bags, but it is confronting infringers who have applied the BOGG Trade Dress to items other than bags.

39.     For example, others have transposed the BOGG Trade Dress to key chains, as shown below.  It is noteworthy that none of these miniature bags feature Bogg's Stylized bogg Mark or Bogg's Stylized b Mark, yet their product descriptions refer to them as "Mini Boggs." That is how powerful the trade dress is – the overall look is what makes a BOGG Bag a BOGG Bag, even without Bogg's Stylized bogg Mark or Bogg's Stylized b Mark.



29742\044\7213966.v1



40.     As a result of the enormous commercial success of the BOGG Bag and years of promotion of the BOGG Trade Dress, Bogg's Registered Trade Dress, Bogg's Stylized b Mark, the Registered Stylized b Mark, Parallel Zig-Zag Lines Mark, the Registered Parallel Zig-Zag Lines Trademark, the BOGG Word Mark, and the Registered BOGG Word Mark (collectively, "Bogg's Marks") in connection with such a popular product, the BOGG Trade Dress, Bogg's Marks have become extremely well-known to consumers as unique source identifiers that identify bags of the highest quality, originating with Bogg.  As such, Bogg's Marks have developed substantial goodwill of tremendous value to Bogg.

41.     Bogg actively monitors the marketplace in order to enforce its rights against third-party infringers of its intellectual property.

14

**Defendants' Infringement and Counterfeiting of Bogg's Marks**

42.     Defendants, without authorization from Bogg, have offered or are offering for sale copycat bags that are identical to or substantially indistinguishable from Bogg's Registered Trade Dress and Registered Parallel Zig-Zag Lines Trademark (the "Counterfeit Bags").

43.     Upon information and belief, Defendants deliberately copied the BOGG Bag when designing the Counterfeit Bags for sale.  On or about February 5, 2023, Defendant Sarah Kiesler ordered a genuine BOGG Bag from Bogg, evidencing Defendants' intent to use it as a model for their Counterfeit Bags.

44.     In or about June 2026, Plaintiff learned that Defendants were offering for sale copycat BOGG Bags at Defendants' online website at the domain www.kentuckiana-fashion.com (the "Kentuckiana Fashion Website").

45.     Defendants advertised the Counterfeit Bags on Facebook.  The Facebook page includes a link to the Kentuckiana Fashion Website, and upon information and belief, Defendants sold the Counterfeit Bags through the Kentuckiana Fashion Website.  Screenshots of Defendants' Facebook advertisements for the Counterfeit Bags are shown below:

29742\044\7213966.v1








29742\044\7213966.v1

 

46.    Upon information and belief, Defendants posted the same or similar advertisements for the Counterfeit Bags on TikTok under the handle @kentuckianafashion.

47.    Defendants have sold into New Jersey products bearing the same graphics as those that appeared on some of the Counterfeit Bags that defendant advertised for sale on its Facebook page.

48.    Upon information and belief, Defendants have conducted business in New Jersey by selling the Counterfeit Bags to consumers in New Jersey through the Kentuckiana Fashion Website.

49.    On or about July 8, 2026, counsel for Bogg sent Defendants a cease-and-desist letter, alleging that Defendants were engaging in trademark infringement, dilution, and

17

29742\044\7213966.v1

counterfeiting by offering for sale bags that were identical or substantially indistinguishable from Bogg's BOGG Bags and BOGG Trade Dress, including but not limited to the bags advertised on Defendants' Facebook page.

50.     Below is an image of a genuine BOGG Bag next to images of Kentuckiana Fashion's Counterfeit Bags.

| Genuine Bogg Bag | Kentuckiana Fashion's Counterfeit Bags |
|---|---|
| | |
| | |

18

51.    Like genuine BOGG Bags, the Counterfeit Bags include the following features of the Bogg Trade Dress:

- A body formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of round holes on the front and back faces of the bag that are identical to the hole placement on BOGG Bags;

- Belt-like looped handles, ostensibly made out of EVA foam and fastened to the front and back of the bag with round, shiny, attachment mechanisms (sometimes white);

- A horizontal line running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom; and

- A parallel zig-zag pattern of protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag.

52.    Because the Counterfeit Bags copy the elements of the BOGG Bag and are identical to or substantially indistinguishable from the Bogg Bag, the Counterfeit Bags constitute counterfeiting of Bogg's Registered Trade Dress and infringement of the BOGG Bag Trade Dress.

53.    Like the genuine BOGG Bag, the Counterfeit Bags feature a parallel zig-zag lines mark identical to the Registered Parallel Zig-Zag Lines Trademark, and for this reason the Counterfeit Bags not only constitute counterfeits of the Registered Parallel Zig-Zag Lines Trademark but also infringement of the Parallel Zig-Zag Lines Mark.

54.    Upon information and belief, the Counterfeit Bags are marketed to the same classes of consumers as genuine BOGG Bags.

55.    Upon information and belief, the Counterfeit Bags are of significantly lower quality than the BOGG Bags.

29742\044\7213966.v1

56.     Upon information and belief, Kentuckiana Fashion intentionally and willfully copied the BOGG Trade Dress, Bogg's Registered Trade Dress, the Parallel Zig-Zag Lines Mark, and the Registered Parallel Zig-Zag Lines Trademark to draw upon and siphon off the goodwill and consumer recognition and popularity of genuine BOGG Bags.

57.     Defendants' use of trade dress identical to, substantially indistinguishable from, or confusingly similar to the BOGG Trade Dress and Bogg's Registered Trade Dress and Defendants' use of a parallel zig-zag lines pattern identical to or substantially indistinguishable from the Bogg Zig-Zag Lines Mark and the Registered Parallel Zig-Zag Lines Trademark is likely to cause confusion, mistake, and deception among consumers as to the source and origin of the Counterfeit Bags, and is likely to deceive the public into believing that Defendants' goods originate from, are associated with or are authorized or licensed by the producers of the BOGG Bags, or that Defendants' goods are from the same source, all to the damage and detriment of Bogg's goodwill, reputation, and sales.

58.     Indeed, Defendants' social media accounts contain evidence of actual consumer confusion.  Upon information and belief, consumers who purchased Defendants' Counterfeit Bags mistakenly believed they had purchased genuine BOGG Bags, and other users commenting on Defendants' social media posts similarly mistook the Counterfeit Bags for genuine BOGG Bags, as demonstrated below:

20

29742\044\7213966.v1



29742\044\7213966.v1



59.     Upon information and belief, by virtue of their unlawful conduct, Defendants have and will continue to deprive Bogg of sales of the genuine BOGG Bag and have made or will make substantial profits and gains to which they are not in law or equity entitled.

60.     As a result of Defendants' actions, Bogg has been and will be damaged in an amount to be determined at trial.

22

29742\044\7213966.v1

61.     Defendants' unlawful activities have caused and will continue to cause irreparable harm and injury to Bogg and the reputation and goodwill associated with Bogg's Marks and Bogg's BOGG products.  Bogg has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**(Trademark Counterfeiting Under Section 32 of the Lanham Act)**

62.     Bogg repeats and realleges the allegations set forth in paragraphs 1-61 above as if set forth fully herein.

63.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, Bogg's Registered Trade Dress, and the Registered Parallel Zig-Zag Lines Mark for which Bogg owns federal trademark registrations.  Defendants have used these spurious designations in commerce in connection with the advertising, sale, offering for sale and/or distribution of Counterfeit Bags for their own financial gain.  Bogg has not authorized such use of Bogg's Registered Trade Dress or the Parallel Zig-Zag Registered Mark.

64.     Upon information and belief, at all relevant times, Defendants had actual and direct knowledge of Bogg's prior use and ownership in the United States of Bogg's Registered Trade Dress and the Registered Parallel Zig-Zag Lines Mark for which Bogg owns federal trademark registrations.  Defendants' conduct is thus willful and reflects their intent to exploit the goodwill and brand recognition associated with Bogg's Registered Trade Dress and the Registered Parallel Zig-Zag Lines Mark.

65.     Defendants' acts as described herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under Section 32 of the Lanham Act)

66.    Bogg repeats and realleges the allegations set forth in paragraphs 1-65 above as if set forth fully herein.

67.    Defendants' Counterfeit Bags use a trade dress that is confusingly similar to Bogg's Registered Trade Dress.

68.    Defendants' Counterfeit Bags use a zig-zag lines pattern that is confusingly similar to Bogg's Registered Parallel Zig-Zag Lines Trademark.

69.    The Counterfeit Bags offered by Defendants are confusingly similar to those offered by Bogg under the Registered Trade Dress and the Registered Parallel Zig-Zag Lines Trademark and are being offered to the same class of consumers.

70.    Defendants' use of Bogg's trade dress and zig-zag lines pattern is likely to confuse or deceive consumers into believing that Defendants' goods are connected with, sponsored by, licensed by, affiliated with, related to, or approved by Bogg, Bogg's goods, or both.

71.    Defendants' acts constitute infringement of Bogg's Registered Trade Dress and Bogg's Registered Parallel Zig-Zag Lines Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## THIRD CLAIM FOR RELIEF
### (Trade Dress and Trademark Infringement in Violation of Section 43(a) of the Lanham Act)

72.    Bogg repeats and realleges the allegations set forth in paragraphs 1-71 above as if set forth fully herein.

29742\044\7213966.v1

73. Defendants' use of, promotion, and sale of the Counterfeit Bags, as described above, constitutes trade dress infringement, trademark infringement, false designation of origin, and unfair competition all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF
### (Violation of NJ Stat. § 56:4-1)

74. Bogg repeats and realleges the allegations set forth in paragraphs 1-73 above as if set forth fully herein.

75. Defendants' use, promotion, advertising, and sale of the Counterfeit Bags, as described above, appropriates for their own use the BOGG Trade Dress and Bogg's Parallel Zig-Zag Lines Mark, and the reputation and goodwill associated therewith, and constitutes unfair trade practices in violation of NJ Stat. § 56:4-1.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

76. Bogg repeats and realleges the allegations set forth in paragraphs 1-75 above as if set forth fully herein.

77. Defendants' use of the BOGG Trade Dress and Bogg's Parallel Zig-Zag Lines Mark as described above constitutes unfair competition in violation of the common law of the State of New Jersey.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Bogg Bag, Inc. respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. Pursuant to 15 U.S.C. § 1116 and NJ Stat. § 56:4-2, that Defendants, their agents, servants, employees, representatives, successors and assigns and all those persons or entities in

29742\044\7213966.v1

active concert or participation with any of them who receive actual notice of the injunctive order, be preliminarily and permanently enjoined from (i) manufacturing, importing, selling or otherwise distributing the Counterfeit Bags; or (ii) using trade dress that is confusingly or deceptively similar to Plaintiff's BOGG Bag Trade Dress, Registered Trade Dress, Parallel Zig-Zag Lines Trademark, and Registered Parallel Zig-Zag Lines Trademark in connection with the sale, advertising or promotion of Defendants' goods;

B.      Pursuant to 15 U.S.C. § 1118, that Defendants deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationary), within Defendants' possession, custody or control, either directly or indirectly, that uses the BOGG Trade Dress, the Registered Trade Dress, or the Parallel Zig-Zag Lines Trademark or Registered Parallel Zig-Zag Lines Trademark, and to remove and permanently cease use of the BOGG Trade Dress, Registered Trade Dress, Parallel Zig-Zag Lines Trademark and Registered Parallel Zig-Zag Lines Trademark from all websites, online storefronts, social media accounts, posts, pictures, listings, and any other digital or online materials within Defendants' possession, custody, or control, and to take all steps necessary to effectuate such removal;

C.      Pursuant to 15 U.S.C. § 1116, that Defendants be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth in Paragraphs A and B above;

D.      Pursuant to 15 U.S.C. § 1117, that Defendants be directed to account to Plaintiff for all gains, profits and advantages derived from their wrongful acts and to pay Plaintiff all damages sustained as a result of Defendants' unlawful conduct;

29742\044\7213966.v1

E.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action and attorney's fees;

F.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants the maximum statutory damages of $4,000,000 for the willful counterfeiting of both the Registered Trade Dress and Registered Parallel Zig-Zag Lines Trademark;

G.      Pursuant to NJ Stat. § 56:4-2, that Plaintiff recover from Defendants all damages directly or indirectly caused to Plaintiff by Defendants' unlawful practices, trebled;

H.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants attorneys' fees and costs in this action; and

I.      That Plaintiff have such other and further relief as this Court may deem just, equitable and proper.


Dated: New Jersey                                 By: */s/ Leah Kelman*
         August 5, 2026                                 Leah Kelman, Esq.
                                                        HERRICK, FEINSTEIN LLP
                                                        One Gateway Center
                                                        Newark, NJ 07102
                                                        973-274-2004
                                                        lkelman@herrick.com

                                                        *Attorneys for Plaintiff Bogg Bag, Inc.*

27

29742\044\7213966.v1